ANN E. YOUNG v. R. S. WILLIS ET AL.

(Case No. 1685.)

1. STATUTE OF LIMITATIONS — SEPARATE PROPERTY.— By the decree of a court of competent jurisdiction, rendered in 1868, land, with all its increase, rents and profits, was decreed to be the separate property of the wife, and was set apart for her separate use and for the education and maintenance of her children. The husband died in September, 1877. Suit was brought in February, 1881, by a creditor of the community to subject property alleged to have been purchased with the proceeds of crops raised on the land, and which had been claimed by the wife as separate property from the date of her husband's death. *Held:*

    (1) That the claim to subject the property was barred by limitation.

    (2) That the decree was conclusive of the wife's right thereto.

APPEAL from Brazoria. Tried below before the Hon. Wm. H. Burkhart.

February 10, 1881, appellees brought this suit against appellant, upon a judgment rendered in January, 1877, against Overton Young, the husband of appellant (who died in September, 1877), and one Plumer, claiming that a large amount of community property had gone into the possession of appellant, as surviving widow, upon the death of her husband, and seeking to make her liable for the debt, etc.

Among other defenses appellant pleaded limitation, and also claimed all the property as belonging to her separate estate.

On May 28, 1883, the cause was tried without a jury and judgment rendered in favor of appellees for $750, from which appellant took and perfected this appeal.

The material errors assigned were: 1st, the court erred in finding against appellant upon the issue of limitation. 2d, the court erred in finding that the property was community, and not the separate estate of appellant.

The court found that the mules and horses, although purchased with the proceeds of the crops raised upon the plantation, belonged to the community estate of Overton Young and appellant. And also that she did not convert them to her own use until September, 1881.

*Neill & Young*, for appellant.

*L. W. & F. I. Duff*, with *E. I. Willis*, for appellees.

WATTS, J. COM. APP.— From the record it appears that this suit was instituted February 10, 1881, and that Overton Young, the husband of appellant, died in September, 1877. It also appears that appellant has had the continuous adverse possession of the mules and horses mentioned in the findings of the court, claiming the same as her separate property, before and ever since the death of her husband, and that the appellees were informed of her claim as early as January, 1877. This sufficiently shows that the finding of the court to the effect that appellant did not convert that property to her own use until four years had elapsed after the death of Overton Young is without any foundation in the evidence. If the property was converted by her at all, it was immediately upon the death of her husband, in September, 1877. So far as the appellant is concerned, conceding that the mules and horses were community property, then by reason of her adverse possession and open asser-

tion of claim as her separate property, appellees' claim against her on account of that property would have been barred by limitation long before the suit was brought. R. S., art. 3203.

There can be no doubt but that in a proper case the district court had the power to decree "the profits, proceeds and revenues" of the land to the wife for the support of herself and for the nurture and education of her children, provided the court deemed them necessary for that purpose. R. S., art. 2856.

There is nothing in the transcript concerning the suit or proceedings that resulted in the decree of 1868, except the substance of that decree, from which it appears that the land was the separate property of the appellant. And the court decreed that all the profits, proceeds and revenues of the land be set apart for the sole and separate use of appellant, for the support of herself and the education and maintenance of her children. As there is nothing to the contrary shown by the record, the presumption will be indulged that the proceedings were regular and that the decree was correctly rendered. It is shown by the evidence that the mules, which the court below found had been converted by appellant, were all purchased and paid for out of the crops raised on the plantation; also that they were necessary in cultivating the same, so as to make a support for appellant and her children.

We are unable to perceive any valid reason why the property thus acquired should not be considered the separate property of the appellant.

Our conclusion is that the court erred as indicated, and that the judgment ought to be reversed, and the supreme court now here render such judgment as ought to have been rendered by the court below, viz.: That the appellees take nothing by their suit, but that the appellant go hence, etc., and recover her costs.

REVERSED AND RENDERED.

[Opinion adopted February 24, 1885.]